**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corbin A McNeill, Jr., | No. CV-23-02481-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| CP Boulders LLC, | |
| Defendant. | |

Before the Court is Plaintiff's First Motion for Partial Summary Judgement. (Doc. 36). The Motion is fully briefed. (Docs. 52; 59). For the following reasons, the Court denies the Motion.

**I.  BACKGROUND**

Since 2011, Plaintiff Corbin McNeill ("Plaintiff") has been a member of The Boulders Club, a private golf and social club located in Scottsdale, Arizona. (Doc. 1-1 at 5). Upon joining The Boulders Club, members receive a Membership Plan, The Boulders Club Membership Agreement and Bylaws ("Membership Agreement" and "Original Bylaws"), and the Rules and Regulations of the Club. (Id. at 4). The documents are collectively referred to as the "Club Documents". (Id. at 5). The Club Documents constitute a binding, enforceable contract between the members and the ownership.

Defendant CP Boulders LLC ("Defendant") purchased The Boulders in 2015. (Id. at 7–8). The Membership Agreement was amended at that time to reflect Defendant's ownership of The Boulders, but no substantive changes were made to the Membership

Agreement. (Id. at 8). When Defendant became owner of The Boulders, Defendant became bound by the obligations of the Membership Agreement. (Id.) On March 10, 2023, Defendant amended the Bylaws ("Amended Bylaws"). (Doc. 54 at ¶ 10). Notice of the Amended Bylaws was not given in the formal manner provided by the Original Bylaws. (Id. at ¶ 11).

Plaintiff filed suit against Defendant in the Maricopa County Superior Court on October 31, 2023, bringing claims for breach of contract. (Doc. 1-1 at 2). Plaintiff alleges that the Amended Bylaws imposed by Defendant violate the Membership Agreement by creating new membership categories and creating materially different rights and privileges of members. (Id. at 14). As well, the Amended Bylaws are alleged to offer new categories of membership with the privileges and benefits previously revoked by Defendant while diminishing Plaintiff's material rights and charging higher fees. (Id. at 15).

Plaintiff has filed six discrete Motions for Partial Summary Judgment. (See Docs. 36; 37; 45; 46; 60; 61). Plaintiff has since withdrawn one of his motions. (Doc. 80). In the First Motion for Partial Summary Judgment, Plaintiff moves the Court to find that the Amended Bylaws are void and ineffective, due to the failure of Defendant to provide formal notice to the members. The Court reviews.

## II.     LEGAL STANDARD

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion[] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### III. ANALYSIS

Plaintiff asks this Court to declare that the Amended Bylaws are void and ineffective, due to the failure of Defendant to follow the mandatory notice procedures applicable to any attempt to amend the Original Bylaws. (Doc. 36 at 1). In response, Defendant asserts that the Original Bylaws only required notice for amendments that materially and adversely affected members' rights under certain sections, while any other amendment may be made by Defendant "in its sole discretion," and "unilaterally." (Doc. 52 at 1-2). Defendant states that the notice clause is at best ambiguous, and in any event, members did receive actual notice of the amendment and the lack of formal notice as required by the Original Bylaws did not prejudice them, amounting to a trivial breach. Therefore, Defendant asserts, it would be improper to grant Plaintiff's Motion. (See Doc. 52).

Section 7.3(G) of the Original Bylaws provides:

> <u>Amendment to the Membership Agreement.</u> Provided that any modification of this Agreement does not materially and adversely affect the then-current Members' rights under Sections 1.8, 2.1, 2.2. 2.3, 2.4, 4.3, 5.2 B, 5.2 C, 5.3, 6.1, 6.3, 6.4, 6.5, 6.7, 7.2 B, 7.2 C, 7.3 A, 7.3 C, and 9.5 … The Boulders, in its sole discretion, shall be entitled to unilaterally modify and amend this Agreement (including establishing, changing and terminating various Membership classifications and the terms of admission, privileges and facilities available to the Members within each Membership classification). The Boulders may modify and amend this Agreement in a manner which materially and adversely affects the then-current Members' rights under Sections 1.8, 2.1, 2.2. 2,3, 2.4, 4.3, 5.2 B, 5.2 C, 5.3, 6.1, 6.3, 6.4, 6.5, 6.7, 7.2 B, 7.2 C, 7.3 A, 7.3 C, and 9.5, and the right of refundable Members (upon conversion to a higher membership category) to 100% credit of the initiation fee they previously paid toward the initiation fee of the new membership category pursuant to Section 6.8 of this Agreement if such modification or amendment is approved by more than 50% of the total of the then current Members (if the modification or amendment affects all of the Membership classifications) or by more than 50% of the then-current Members of the applicable Membership classifications (if the modification or amendment affects less than all of the Membership classifications). All such modifications shall be in writing and shall be sent to all members ...

(Doc. 38-1 at 27).

The question before the court is to determine whether amending the Bylaws required the Board to provide formal notice to the members. It is undisputed that the Board did not provide the formal notice, as defined in the Original Bylaws, when implementing the Amended Bylaws. (Doc. 54 at ¶11).

The phrase used in Section 7.3 is "[a]ll such modification shall be in writing and shall be sent to all members." Therefore, the Court must determine which modifications the word "such" describes. The theory advanced by Plaintiff is that "such" refers to all modifications of the Original Bylaws, while the theory advance by Defendant is that "such" refers to modifications that "materially and adversely affects the then-current [m]embers' rights" under the enumerated sections in the clause.

Defendant points to the canon of construction "the Rule of Last Antecedent," which is applicable to contracts in Arizona. See, e.g., Phoenix Control Systems, Inc. v. Insurance Co. of North America, 796 P.2d 463, 466 (Ariz. 1990) ("The last antecedent rule is recognized in Arizona and requires that a qualifying phrase be applied to the word or phrase immediately preceding as long as there is no contrary intent indicated"). Under this interpretation of the Original Bylaws, "such modification" means such modification that affect members rights under specific sections of the bylaws, as Section 7.3 had just finished defining the process by which such provisions could be modified.

The Court agrees with Defendant's interpretation of the Original Bylaws. To find otherwise, would be to find that the word "such" is superfluous in the contract, as Plaintiff's interpretation would be true if the term was removed.[1] See, e.g., Pauma Band of Luiseno Mission Indians of Pauma & Yuima Rsrv. v. California, 813 F.3d 1155, 1171 (9th Cir. 2015), (citing 11 Williston on Contracts § 32:5 (4th ed. 2015)) ("An interpretation which gives effect to all provisions of the contract is preferred to one which renders part of the writing superfluous, useless or inexplicable."). The Original Bylaws states that the Board can "unilaterally modify and amend [the] Agreement" so long as it does not "materially and adversely affects the then-current [m]embers' rights" under the enumerated sections in

---

[1] Removing the word "such" would have the statement read "all modifications shall be in writing and shall be sent to all members."

the clause. Then, the section describes how the Board could modify the Original Bylaws in a manner that affects the previously enumerated members rights, so long as the modification received a majority vote of the then-members. Common sense dictates that the next sentence, requiring formal notice for "[a]ll such modifications," relates solely to the immediately preceding statement concerning amendments that materially impact the members' enumerated rights. Such a reading aligns with the "the Rule of Last Antecedent" cited by Defendant.

Although the canon of construction, along with a common sense reading of the provision, is sufficient to find for the Defendant, the Court is also persuaded by the unrebutted evidence provided by the Affidavit of Board member Mr. John Maskovich. (See Doc. 45 at Exhibit 1). Mr. Maskovich, the General Manager of the Boulders Resort and Spa, and a member of the Board, stated that the Board's understanding of the language requiring formal notice was that it only applies to amendments that materially and adversely impact members rights. (Id. at ¶ 7). This is persuasive in light of Section 7.3 of the Original Bylaws, which states: "Interpretation. All decisions of the Board of Directors shall be final on all questions involving the interpretation or construction of this Agreement, the rights and privileges of the members under this Agreement, the Membership Plan and the Rules and Regulations. In resolving such questions, the Board of Directors shall act reasonably and in good faith." (Doc. 54 at ¶ 8).

The Court does not find it necessary to address Defendant's other arguments, as the Court's reading of the Original Bylaws purports with Defendant's theory.

Alternatively, Plaintiff argues that the Amended Bylaws did in fact materially and adversely affect Plaintiff's rights, and therefore must be considered void. The Court notes that this argument was raised for the first time in Plaintiff's Reply Brief. (Doc. 59). Therefore, the Argument is not properly before the Court. See Surowiec v. Cap. Title Agency, Inc., 790 F. Supp. 2d 997, 1002 (D. Ariz. 2011) ("It is well established in this circuit that courts will not consider new arguments raised for the first time in a reply brief."). However, even if the Court were to consider the argument and take the assertion

- 5 -

to be true, given that Plaintiff's requested relief is to declare the entirety of the Amended Bylaws as void and ineffective, the Court does not find such claim relevant to the Motion before it. The Court will address arguments that specific amendments to the Original Bylaws are void under this theory when and if they come before the Court.

Accordingly,

**IT IS ORDERED denying** Plaintiff's First Motion for Partial Summary Judgment.

Dated this 6th day of June, 2025.

_____
Stephen M. McNamee
Senior United States District Judge